**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **FIRST UNION RAIL CORPORATION,** | ) | Civil Action No. 3:08-CV-230-CH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SPRINGFIELD TERMINAL** | ) | **MEMORANDUM AND ORDER** |
| **RAILWAY COMPANY, PORTLAND** | ) | **GRANTING PARTIAL JUDGMENT ON** |
| **TERMINAL COMPANY, MAINE** | ) | **THE PLEADINGS (COUNTS I, II & IV)** |
| **CENTRAL RAILROAD COMPANY,** | ) | |
| **BOSTON AND MAINE** | ) | |
| **CORPORATION, and PAN AM** | ) | |
| **RAILWAYS, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Partial Judgment on the Pleadings (Counts I, II & IV)" (document #16) and "Memorandum in Support ..." (document #17), both filed August 18, 2008, in which the Plaintiff seeks $177,660.51 for undisputed car hire debts incurred through February 2008, plus prejudgment interest on that principal calculated at North Carolina's legal rate of 8 % ($10,704.98 as of August 18, 2008).[1]

On September 9, 2008, the Defendants filed a one-page response which states in its entirety "[b]ased upon the Answer filed by the Defendants, the Defendants do not oppose the Plaintiff's Motion for Partial Judgment on the Pleadings." Document #19.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. §636(c), and the Plaintiff's Motion is now ripe for determination.

---

[1] The prejudgment interest shall increase at $38.49 per day until judgment is entered.

Accordingly, and having carefully considered the Plaintiff's arguments, the Defendants' stipulation, the record, and the applicable authority, the undersigned will <u>grant</u> Plaintiff's Motion and <u>enter</u> Judgment for the Plaintiff on Counts I, II and IV of the Complaint, as discussed below.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On May 15, 2008, Plaintiff filed this action to recover, among other things, "car hire for use of railcars," that is, in layman's terms, rental payments from the Defendants, for their use of Plaintiff's railcars. The Court is familiar with the parties and the subject matter of this action, as this is the third action the Plaintiff has brought to obtain payment of undisputed car hire debts owed by Defendants. <u>See</u> NCWD File No.'s 3:04-CV-555 and 3:06-CV-00151. Most recently, this Court entered summary judgment in favor of Plaintiff for car hire and other debts then-owing in May 2007, observing that "Defendants have relied on entirely procedural defenses to delay the Plaintiff's efforts to collect what it is otherwise clearly entitled to recover …." <u>See</u> 3:06-cv-00151, Document # 37 at 6.

In its present Complaint, the Plaintiff alleges that Defendants owe the principal amount of $177,660.51 for car hire debt through February 2008. <u>See</u> Document #1 at 1 and 4. In their Answer, filed July 1, 2008, Defendants admit their liability for that arrearage. Specifically, Defendants admit the following allegation in paragraph 23 of Plaintiff's Complaint: "Plaintiff presently holds the sum of $2,646.66 on Defendants' behalf for application towards Defendants' car hire obligations, bringing Defendant's actual car hire balance to $177,660.51." <u>See</u> Document # 12 at 3. Defendants also admit liability for the arrearage under three of Plaintiff's alternative causes of action: Count I (Code and Freight Tariff RIC 6007); Count II (49 U.S.C. §§ 110101, <u>et</u> <u>seq</u>.); and Count IV (Quantum Meruit). <u>See</u> Document #12 at 4 - 6.

In their Report of Initial Attorneys' Conference, the parties noted that certain of the Counts, including those at issue in this Motion, "may be capable of being resolved through a consent judgment or an early dispositive motion." Document #13 at 3. Before filing its Motion, the Plaintiff asked the Defendants to agree to a consent order and judgment for the same relief requested in this Motion. See Exhibit 1 to Plaintiff's Memorandum in Support of Motion. The Defendants did not respond to that request.

The Plaintiff's Motion states that it does not include and reserves Plaintiff's right to recover (a) under Counts III, V, VI, VII and VIII of the Complaint and (b) such amounts as Plaintiff may be owed by the Defendants (including car hire and/or damage to rail cars) that accrued after February 2008. See Motion at 1-2.

The Plaintiff's Motion has been fully briefed and is, therefore, ripe for disposition.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(c) provides, in part that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In considering a motion for judgment on the pleadings under Rule 12(c), the court must view facts presented in the pleadings and the inferences drawn therefrom in the light most favorable to the non-moving party. A Rule 12(c) motion is determined by the same standard applied to a Rule 12(b)(6) motion. Thus, judgment on the pleadings is appropriate if, taking the non-moving party's allegations as true, the movant clearly establishes that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. See Prime TV, LLC v. Travelers Ins. Co., 223 F.Supp.2d 744, 748-49 (M.D.N.C. 2002) (granting plaintiff's Rule 12(c) motion for judgment on the pleadings).

Whether to award prejudgment interest at the federal or applicable state rate is left to the broad discretion of the district court. Hitachi Credit America Corp., v. Signet Bank, 166 F.3d 614, 633 (4th Cir. 1999) (applying Virginia law to determine prejudgment interest); and United States v. Dollar Rent A Car Systems, Inc., 712 F.2d 938, 940 (4th Cir. 1983) ("determination of a certain rate of prejudgment interest is generally a matter of discretion," but also noting that other "[c]ourts have held that state law applied to questions involving prejudgment interest in diversity cases"), citing Clissold v. St. Louis-San Francisco Railway, 600 F.2d 35, 38-39 (6th Cir. 1979) and American Insurance Co. v. First National Bank in St. Louis, 409 F.2d 1387, 1392 (8th Cir. 1969).

As was the case in the parties' most recent action before this Court, multiple factors support applying the higher state law prejudgment interest rate in this case. Most importantly, Defendants have never disputed that they owe the Plaintiff car hire, but rather continue to take advantage of the fact that their use of the Plaintiff's cars is ongoing—which given the nature of our national rail system, the Plaintiff is apparently unable to prevent—and, consequently, that the amount they owe is a steadily increasing "moving target." Moreover, concerning the present lawsuit, the Defendants have stated expressly that they do not oppose the Plaintiff being awarded prejudgment interest at the higher, state law rate.

### III. ORDER AND JUDGMENT

**NOW THEREFORE, IT IS ORDERED:**

1. The Plaintiff's "Motion for Partial Judgment on the Pleadings (Counts I, II & IV)" (document # 16) is **GRANTED** and **JUDGMENT** in favor of the Plaintiff is **ENTERED** against Defendants, jointly and severally, in the principal amount of $189,481.70, with interest from this date at the rate allowed by federal law, as well as costs of court.

2. The principal amount includes $177,660.51 owed by Defendants through February 29, 2008, plus pre-judgment interest of $ 11,821.19 through this date.

3. This Judgment does not include and is <u>without prejudice</u> to the Plaintiff's right to recover (a) under Counts III, V, VI, VII and VIII of Plaintiff's Complaint and (b) such amounts as it may be owed by Defendants, including car hire and/or damage to rail cars that accrued after February 2008;

4. The Clerk is directed to send copies of this "Memorandum and Order Granting Partial Judgment on the Pleadings (Counts I, II & IV)" to counsel for the parties.

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed: September 16, 2008

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge