# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:08-CV-230-H

| | |
|---|---|
| FIRST UNION RAIL CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPRINGFIELD TERMINAL )<br>RAILWAY COMPANY, PORTLAND )<br>TERMINAL COMPANY, MAINE )<br>CENTRAL RAILROAD COMPANY, )<br>BOSTON AND MAINE )<br>CORPORATION, and PAN AM )<br>RAILWAYS, INC., )<br>)<br>Defendants. ) | **MEMORANDUM AND ORDER<br>AND JUDGMENT** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Partial Summary Judgment (Counts V and VI)" (document #23) and "Memorandum in Support ..." (document #24), both filed November 20, 2008, and the parties' "Joint Motion to Relieve Parties from Their Duty to Mediate"(document #25) filed December 23, 2008.[1] In the parties' Joint Motion, the Defendants state that they "do not oppose" the Plaintiff's "Motion for Partial Summary Judgment." Document #25 at 2.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and their Motions are now ripe for determination.

On May 15, 2008, Plaintiff filed this action to recover, among other things, "car hire for use of railcars," that is, in layman's terms, rental payments from the Defendants, for their use of Plaintiff's railcars. The Court is familiar with the parties and the subject matter of this action, as this

---

[1]On August 20, 2008, the undersigned entered an "Order for Mediated Settlement Conference" (document #18), appointing David B. Hamilton as mediator and setting a mediation deadline of January 31, 2009.

is the third action the Plaintiff has brought to obtain payment of undisputed car hire debts owed by Defendants. See NCWD File No.'s 3:04-CV-555 and 3:06-CV-00151. In the later case, this Court entered summary judgment in favor of the Plaintiff for car hire and other debts then-owing in May 2007, observing that "Defendants have relied on entirely procedural defenses to delay the Plaintiff's efforts to collect what it is otherwise clearly entitled to recover …." See 3:06-CV-00151, Document # 37 at 6.

In its present Complaint, the Plaintiff alleged that Defendants owed the principal amount of $177,660.51 for car hire debt through February 2008 (Count I, Code and Freight Tariff RIC 6007). See Document #1 at 1 and 4. In their Answer, filed July 1, 2008, Defendants admitted their liability for that arrearage. See Document # 12 at 3. The Defendants also admitted liability for the same arrearage under two of the Plaintiff's alternative causes of action: Count II (49 U.S.C. §§ 110101, et seq.) and Count IV (Quantum Meruit). See Document #12 at 4 - 6.

The Plaintiff also seek $32,480.62 for repair costs and overcharges for nine railcars (Count V) and $8,505.00 in lost revenue for one of those rail cars (identified as railcar "FURX 826907") (Count VI). In their Answer, the Defendants admit that they owe the Plaintiff the "reasonable cost of repair of railcars." See Document #12 at 6.

Finally, the Complaint contained a claim for treble damages for unfair and deceptive trade practices (Count VII) and a claim for an injunction "enjoining Defendants from diverting any funds to their related entities until after Defendants first pay their undisputed debts owed to the Plaintiff as they become due" (Count VIII). See Document #1 at 10.

On August 18, 2008, the Plaintiff filed its "Motion for Partial Judgment on the Pleadings (Counts I, II & IV)" (document #16), seeking $177,660.51 for undisputed car hire debts incurred

through February 2008, plus prejudgment interest on that principal calculated at North Carolina's legal rate of 8 % ($10,704.98 as of August 18, 2008).

On September 9, 2008, the Defendants filed a one-page response which stated in its entirety "[b]ased upon the Answer filed by the Defendants, the Defendants do not oppose the Plaintiff's Motion for Partial Judgment on the Pleadings." Document #19.

Accordingly, on September 16, 2008, the undersigned <u>granted</u> the Plaintiff's Motion and <u>entered judgment</u> against the Defendants, jointly and severally, in the principal amount of $189,481.70, with interest from that date at the rate allowed by federal law, as well as costs of court. <u>See</u> "Memorandum and Order Granting Partial Judgment on the Pleadings (Counts I, II & IV)" at 4 (document #20). This Judgment "is <u>without prejudice</u> to the Plaintiff's right to recover (a) under Counts III, V, VI, VII and VIII of Plaintiff's Complaint and (b) such amounts as it may be owed by Defendants, including car hire and/or damage to rail cars that accrued after February 2008." <u>Id.</u> at 5.

On November 20, 2008, the Plaintiff filed its "Motion for Partial Summary Judgment (Counts V and VI)," seeking to recover $32,480.62 for repair costs and overcharges for nine railcars (Count V) and $8,505.00 in lost revenue for railcar "FURX 826907," plus prejudgment interest, which as of November 7, 2008 had accumulated in an amount of $4,140.97 and continued thereafter to accrue at the rate of $8.98 per diem. The Plaintiff expressly requests that any Judgment entered be without prejudice to its rights to recover under its remaining claims (Counts VII and VIII) and to recover (in this or a future action) any car hire and/or damage to rail cars that accrued after February 2008.

As discussed above, on December 23, 2008, the parties filed their "Joint Motion to Relieve Parties from Their Duty to Mediate," in which the Defendants stated that they do not oppose the

Plaintiff's Motion for Partial Summary Judgment and in which the parties request that they be relieved from mediating the Plaintiff's remaining claims for unfair and deceptive trade practices and seeking injunctive relief. The parties base their mutual request on the shared belief that "given the nature of the two remaining claims and the past litigation between the parties, the parties are not in a position to settle the remaining two claims" such that the time and cost of mediation would not be an efficient and effective use of resources. Document #25 at 2.

Accordingly, and in light of the Defendants' admissions in their Answer and their present stipulation, as well as the other undisputed evidence in the record, the undersigned will <u>grant</u> the Plaintiff's Motion for Partial Summary Judgment, and will enter Judgment for the Plaintiff on Counts V and VI of the Complaint, and will relieve the parties of their duty to mediate the Plaintiff's remaining claims.

**NOW THEREFORE, IT IS ORDERED:**

1. The Plaintiff's "Motion for Partial Summary Judgment (Counts V and VI)" (document #23) is **GRANTED** and **JUDGMENT** in favor of the Plaintiff is **ENTERED** against Defendants, jointly and severally, in the principal amount of $45,613.43, with interest from this date at the rate allowed by federal law, as well as costs of court.

2. The principal amount includes $40,985.62 owed by Defendants through February 29, 2008 for railcar repair costs, overcharges, and lost revenue, plus pre-judgment interest of $ 4,627.81 through this date.

3. This Judgment does not include and is <u>without prejudice</u> to the Plaintiff's right to recover (a) under Counts VII and VIII of Plaintiff's Complaint and (b) such amounts as it may be owed by Defendants, including for car hire and/or damage to rail cars, that accrued after February 29, 2008.

4. The parties' "Joint Motion to Relieve Parties from Their Duty to Mediate" (document #25) is **GRANTED**, that is, the parties are hereby relieved of the duty to mediate this matter as initially ordered in the Court's August 20, 2008 "Order for Mediated Settlement Conference" (document #18).

5. The Clerk is directed to send copies of this "Memorandum and Order and Judgment" to counsel for the parties; and to David B. Hamilton, Hamilton Moon Stephens Steele & Martin, PLLC, 2020 Charlotte Plaza, 201 South College Street, Charlotte, NC 28244.

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed: December 31, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge