# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08CV230-H

| | |
|---|---|
| **FIRST UNION RAIL CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **SPRINGFIELD TERMINAL RAILWAY** ) | |
| **COMPANY, PORTLAND TERMINAL** ) | |
| **COMPANY, MAINE CENTRAL RAILROAD** ) | |
| **COMPANY, BOSTON AND MAINE** ) | |
| **CORPORATION, and PAN AM RAILWAYS,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Compel Discovery Responses" (document #27) and "Memorandum in Support ..." (document #28), both filed January 14, 2009; and the Defendants' "Memorandum in Opposition ... " (document #29) filed February 2, 2009. On February 11 and 12, 2009, respectively, the Plaintiff filed its "Reply ..." (document #30) and "Supplement to Reply ..." (document #31).

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and the Plaintiff's Motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant in part</u> and <u>deny in part</u> the Plaintiff's Motion, as discussed below.

On May 15, 2008, Plaintiff filed this action to recover, among other things, "car hire for use of railcars," that is, in layman's terms, rental payments from the Defendants, for their use of Plaintiff's railcars. The Court is familiar with the parties and the subject matter of this action, as this

is the third action the Plaintiff has brought to obtain payment of undisputed car hire debts owed by Defendants. See NCWD docket no.'s 3:04-CV-555 and 3:06-CV-00151. In the latter case, this Court entered summary judgment in favor of the Plaintiff for car hire and other debts then-owing in May 2007, observing that "Defendants have relied on entirely procedural defenses to delay the Plaintiff's efforts to collect what it is otherwise clearly entitled to recover …." See 3:06-CV-00151, document # 37 at 6.

In its present Complaint, the Plaintiff alleged that Defendants owed the principal amount of $177,660.51 for car hire debt through February 2008 (Count I, Code and Freight Tariff RIC 6007). See document #1 at 1 and 4. In their Answer, filed July 1, 2008, Defendants admitted their liability for that arrearage. See document # 12 at 3. The Defendants also admitted liability for the same arrearage under two of the Plaintiff's alternative causes of action: Count II (49 U.S.C. §§ 110101, et seq.) and Count IV (Quantum Meruit). See document #12 at 4 - 6.

The Plaintiff also sought $32,480.62 for repair costs and overcharges for nine railcars (Count V) and $8,505.00 in lost revenue for one of those rail cars (identified in Count VI as railcar "FURX 826907"). In their Answer, the Defendants admitted that they owe the Plaintiff the "reasonable cost of repair of railcars." See document #12 at 6.

Finally, the Complaint contained a claim for treble damages for unfair and deceptive trade practices (Count VII) and a claim for an injunction "enjoining Defendants from diverting any funds to their related entities until after Defendants first pay their undisputed debts owed to the Plaintiff as they become due" (Count VIII). See document #1 at 10.

On August 18, 2008, the Plaintiff filed its "Motion for Partial Judgment on the Pleadings (Counts I, II & IV)" (document #16), seeking $177,660.51 for undisputed car hire debts incurred

through February 2008, plus prejudgment interest on that principal calculated at North Carolina's legal rate of 8 % ($10,704.98 as of August 18, 2008).

The next day, August 19, 2008, the undersigned conducted the Initial Pretrial Conference ("IPC") in chambers with counsel, during which defense counsel indicated that he did not expect the Defendants to oppose the Plaintiff's Motion for Partial Judgment on the Pleadings.

On September 9, 2008, the Defendants filed a one-page response which stated in its entirety "[b]ased upon the Answer filed by the Defendants, the Defendants do not oppose the Plaintiff's Motion for Partial Judgment on the Pleadings." Document #19.

Accordingly, on September 16, 2008, the undersigned <u>granted</u> the Plaintiff's Motion and entered judgment against the Defendants, jointly and severally, in the principal amount of $189,481.70, with interest from that date at the rate allowed by federal law, as well as costs of court. <u>See</u> "Memorandum and Order Granting Partial Judgment on the Pleadings (Counts I, II & IV)" at 4 (document #20). This Judgment "[was] <u>without prejudice</u> to the Plaintiff's right to recover (a) under Counts III, V, VI, VII and VIII of Plaintiff's Complaint and (b) such amounts as it may be owed by Defendants, including car hire and/or damage to rail cars that accrued after February 2008." <u>Id.</u> at 5.

On November 20, 2008, the Plaintiff filed its "Motion for Partial Summary Judgment (Counts V and VI)," seeking to recover $32,480.62 for repair costs and overcharges for nine railcars (Count V) and $8,505.00 in lost revenue for railcar "FURX 826907," plus prejudgment interest, which as of November 7, 2008 was $4,140.97 and accrued thereafter at the rate of $8.98 per diem. The Plaintiff expressly requested that any Judgment entered be without prejudice to its rights to recover under its remaining claims (Counts VII and VIII) and to recover (in this or a future action)

3

any car hire and/or damage to rail cars that accrued after February 2008.

On December 23, 2008, the parties filed their "Joint Motion to Relieve Parties from Their Duty to Mediate," in which the Defendants stated that they did not oppose the Plaintiff's Motion for Partial Summary Judgment and in which the parties requested that they be relieved from mediating the Plaintiff's remaining claims for unfair and deceptive trade practices and seeking injunctive relief. The parties based their request on the shared belief that "given the nature of the two remaining claims and the past litigation between the parties, the parties are not in a position to settle the remaining two claims" such that the time and cost of mediation would not be an efficient and effective use of resources. Document #25 at 2.

On December 31, 2008, the undersigned granted the Plaintiff's Motion for Partial Summary Judgment, and entered judgment against the Defendants, jointly and severally, in the principal amount of $45,613.43, with interest from this date at the rate allowed by federal law, as well as costs of court. <u>See</u> "Memorandum and Order and Judgment" (document #26) at 5. The Judgment was without prejudice to the Plaintiff's right to recover (a) under Counts VII and VIII of Plaintiff's Complaint, and (b) such amounts as it may be owed by the Defendants, including for car hire and/or damage to rail cars, that accrued after February 29, 2008. <u>Id.</u> The Court also <u>granted</u> the parties' "Joint Motion to Relieve Parties from Their Duty to Mediate." (document #25) at 6.

Related to the subject Motion to Compel, and as the Defendants concede, although Paragraph I(B) of this Court's "Pretrial Order and Case Management Plan" ("PTO") (document #14)[1] required that their Rule 26 Initial Disclosures be served no later than August 15, 2008, to date, the

---

[1] The Court entered the PTO on July 21, 2008, adopting a discovery schedule proposed by the parties and setting the discovery and dispositive motions deadlines, respectively, for March 2 and April 1, 2009.

Defendants have not made any Rule 26 disclosures. Nor have the Defendants responded to any of the Plaintiff's written discovery requests, that is, to their "First Set of Interrogatories to All Defendants" or their "First Requests for Production to All Defendants." Responses to these requests and interrogatories were due September 22, 2008.

Counsels' attempts to resolve outstanding discovery issues informally included a December 11, 2008 letter from Plaintiff's counsel requesting that the Defendants serve their responses no later than December 19, 2008. Defense counsel subsequently requested that the Defendants not be required to respond until after the Court had ruled on the Plaintiff's Motion for Partial Summary Judgment (the Plaintiff's second dispositive Motion which, as discussed above, the Defendants did not oppose and the Court granted on December 31, 2008), thus allowing the parties an opportunity to consider at that point whether any discovery requests were then moot.

On December 22, 2008, Plaintiff's counsel emailed defense counsel, stating that he intended to file a Motion to Compel and requesting that the Defendants identify which discovery requests were moot or would be mooted, but defense counsel did not identify any at that time. Instead, defense counsel responded to Plaintiff's counsel that he was "in California for Christmas and w[ould] be back in NC on [December] 30th [and] would look at the discovery as soon as I get through all of the crises that arose while I was away." See email between counsel, attached as Exhibit 1 to Plaintiff's "Reply ..." (document #30).

On January 14, 2009, and having heard nothing further from the Defendants, the Plaintiff filed its present Motion to Compel, pointing out that in addition to the Defendants' failure to serve discovery responses in the present case, in the prior litigation between the parties (NCWD docket no. 3:06CV151), the Defendants did not serve their Initial Disclosures, which were due October 20,

5

2006, until one hour before the Initial Pretrial Conference in that case, which was held November 15, 2006. Similarly, although the Defendants' responses to the Plaintiff's written discovery requests were due on November 8, 2006, the Defendant did not serve responses until the Plaintiff had filed a Motion to Compel, which Court <u>granted</u> on December 27, 2006. <u>See</u> "Memorandum and Order" at 4 (document #27 in NCWD docket no. 3:06CV151). The Court declined to require the Defendants to reimburse the Plaintiff for its costs associated with the filing of its Motion to Compel in that case, but cautioned the Defendants that:

> any further failure to respond to the Plaintiff's First Discovery Requests or to any other of the Plaintiff's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions, including being required to pay the Plaintiff's costs, including reasonable attorney's fees.

<u>Id.</u>

In its present Motion and principal brief, the Plaintiff requested that the Court compel the Defendants to respond fully to all of its outstanding discovery requests, extend the discovery and dispositive motions deadlines in order to permit the Plaintiff an opportunity to review the Defendants' responses prior to conducting depositions, and require the Defendants to reimburse the Plaintiff for the attorney's fees it has incurred in preparing and filing this Motion.

In their Response brief, the Defendants point out that several of the Plaintiff's discovery requests (Interrogatories 11, 23, and 28, Requests for Production 5, 6, 8-10, and 29) have been mooted by the Court's entry of the judgments discussed above and contend that imposition of costs and attorney's fees is unwarranted where the Defendants have not opposed either of the Plaintiff's dispositive motions and further have agreed that the Plaintiff may amend its Complaint to allege amounts owing that accrued after February 2008. The Defendants also request that they be

permitted 21 days from entry of this Order to serve their responses.

In its Reply, the Plaintiff concedes that Interrogatories 11, 23, and 28 and Requests for Production 5, 6, 8-10, and 29 are now moot and does not oppose the Defendants' request for at least 21 days to produce their discovery responses, but otherwise renews its request for the relief stated in its Motion and principal brief, including that the Defendants be required to pay $2,000 in attorney's fees.

Accordingly, the undersigned will require the Defendants to respond to the Plaintiff's outstanding discovery requests, less those that the parties agree are now moot.

Concerning attorneys' fees that a party incurs while prosecuting a motion to compel, Fed. R. Civ. P. 37a(4)(A) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(Emphasis added). Accord National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); and Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-05 (4th Cir. 1977).

The undersigned concludes that where the Defendants failed to serve their Initial Disclosures or provide any discovery responses prior to the filing of the subject Motion to Compel despite the Plaintiff's repeated attempts to obtain that discovery informally – in this and in a prior action – it is appropriate to require the Defendants to reimburse the Plaintiff for the attorney's fees it incurred in

the preparation and filing of the subject Motion.

**NOW THEREFORE, IT IS ORDERED**:

1. The Plaintiff's "Motion to Compel Discovery Responses" (document #27) is **GRANTED IN PART** and **DENIED IN PART,** that is**:**

A. <u>On or before March 18, 2009, the Defendants shall answer completely and without objection each of the Plaintiff's "First Set of Interrogatories to All Defendants" and "First Requests for Production to All Defendants," except for Interrogatories 11, 23, and 28 and Requests for Production 5, 6, 8-10, and 29</u>.

B. The discovery and dispositive motions deadlines are extended, respectively, to May 1 and June 1, 2009.

C. <u>On or before March 31, 2009, the Defendants shall pay directly to Plaintiff's counsel two thousand dollars ($2,000) as a portion of the Plaintiff's reasonable attorney's fees incurred in prosecuting its meritorious "Motion to Compel Discovery Responses" (document #27).</u>

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: February 18, 2009

_Carl Horn, III_
Carl Horn, III
United States Magistrate Judge