# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08cv230

| | |
|---|---|
| FIRST UNION RAIL CORPORATION, | ) |
| Plaintiff, | ) |
| Vs. | ) SHOW CAUSE ORDER |
| SPRINGFIELD TERMINAL RAILWAY COMPANY; MAINE CENTRAL RAILROAD COMPANY; BOSTON AND MAINE CORPORATION; and PAN AM RAILWAYS, INC., | ) |
| Defendants. | ) |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(c), and on plaintiff's second Motion for Sanctions (#34) and Motion for Extension of Time to Complete Discovery (#36). In the Order setting such matters on for hearing, the court gave notice that it would inquire into whether the court's previous Order had been complied with and whether any party or attorney was in contempt.

On May 6, 2009, a hearing was conducted on the pending motions, during which it became readily apparent that despite the advice of counsel to the contrary, defendants did knowingly and purposely disobey the earlier Order of this court compelling their full participation in discovery. Indeed, their contempt is so transparent, brazen, and complete that they did not even file a response to plaintiff's Motion for Sanctions. Such motion being unopposed and fully supported as a matter

of law and fact, the motion will be allowed.

In determining an appropriate sanction for failure to obey an Order compelling a party to provide and participate in discovery, the court is guided by Rule 37(d) of the Federal Rules of Civil Procedure, which gives the district court "wide discretion to impose sanctions for a party's failure to comply with its discovery orders." <u>Mutual Federal Savings and Loan Ass'n v. Schultz</u>, 872 F.2d 88, 92 (4th Cir. 1989). Where a party not only fails to obey general discovery orders, but fails to obey an Order compelling discovery, the court has a number of sanctions available including, but not limited to, rendering judgment by default and treating the non-compliance as contempt. Fed. R. Civ. P. Rule 37(b)(2).

> In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct.

<u>Schultz</u>, <u>supra</u>, at 93. In determining whether a default is warranted, the Court considers four factors: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. <u>Id.</u>

As to the first factor, defendants' bad faith is patent as demonstrated by their consistent disregard of discovery deadlines, disobedience of court orders, and their lack of even responding what the court considers to be a most serious Motion for Sanctions. The court notes and incorporates herein defendants' past deficiencies as

outlined by Judge Horn, see Docket Entry # 32, at pp. 5-6, who noted therein that defendants were aware that their noncompliance risked sanctions because the court had expressly warned defendants in response to identical behavior in an earlier case between these parties. Id., at p. 6. Thus, the undesigned concludes that defendants (not their counsel) acted in bad faith.

As to the second factor, the court finds that plaintiff has indeed been prejudiced by defendants' failure and that the evidence sought to be produced is material to both damages and the convincing force or "weight" of the evidence plaintiff could present to the jury. While the court could extend the discovery deadline in hopes that the defendants would somehow comply, the court has no confidence that defendants would not again simply ignore discovery requests and court orders compelling discovery. The court has learned a number of things by practicing law for nearly thirty years, not the least of which is that a client who does not listen to the advice of their counsel will end up in a worse legal condition than the one in which they started. By refusing to produce the requested and relevant discovery, defendants have interfered with plaintiff's ability to show the jury the defendants' own documents that could possibly show a scheme or business plan to simply not pay its uncollateralized or unsecured debts. The discovery sought is, therefore, material especially on a claim that has as an element "unfair or deceptive act or practice." Food Lion, Inc. v. Capital Cities/ABC Inc., 951 F.Supp. 1224, 1230 (M.D.N.C. 1996). The court finds, therefore, materiality.

As to the third factor, deterrence, there is an inherent need to engender respect

for the judicial process not only from these defendants but from all participants in the legal system. In this case, defendants have simply defied the court's Order with such elan as to not even respond to a motion for sanctions. Defendants have left this court with a very clear and convincing record of their wrongdoing, and conduct so brazen that they have not even bothered to file a response. Thus, there is a tremendous need for deterrence in that if these defendants conduct was the norm and not corrected, the judicial system as a whole would suffer irreparable harm. The court finds the third factor favors imposition of a strong sanction.

Finally, the court has considered the Fourth Factor, the effectiveness of less drastic sanctions. As discussed above, defendants have repeatedly been warned by the judges of this court in this and in the previous action to comply, and they have simply ignored those orders. There is an array of sanctions available at this point, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2). Option (i) is no sanction at all inasmuch as the unanswered requests for admission are already deemed admitted. Option (ii) does little to deter defendants inasmuch as "non-participation" is precisely their goal in this matter. Option (iii) would also do little inasmuch as defendants apparently agree they owe plaintiff. Option (iv) would give defendants precisely what they want, which is further delay. Option (v) would only work against a party with a claim. Thus, the court is left with options (vi) and (vii), which is default judgment and/or contempt.

As to option(vi), the court is concerned both with the effectiveness of default judgment on the remaining claims as a sanction simply because it is possible that the UDTPA claim is preempted under the recent decision of the Court of Appeals for the Fourth Circuit in PCS Phosphate Co., Inc. v. Norfolk Southern Corp., 2009 WL 532540 (4th Cir. 2009). A fair reading of that case would not lead one to conclude that ICCTA completely preempts state law, but that only "ordinary preemption" would apply, which would only "provide a substantive defense to a state law action on the basis of federal law." Stuart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 864 n. 4 (11th Cir.2008). As plaintiff pointed out at the hearing, defendants have failed to raise ordinary preemption as a defense. While complete preemption is clearly a jurisdictional issue which must be addressed by the court regardless of whether it is raised, New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321, 331 (5th Cir.2008), ordinary preemption appears to be an affirmative defense, but it is less than clear whether it is waived if not pleaded. International Longshoremen's Ass'n v. Davis, 476 U.S. 380, 392-93 (1986). A sanction in the form of a judgment

on a possibly preempted claim, which the court may or may not have the duty to dismiss as a matter of law, is a mighty weak peg on which to hang sanctions for such flagrant misconduct, which undermines the remedial and coercive intent of sanctions and also the civil justice system itself.

The court is left with option (vii), which is civil contempt. This is perhaps the least palatable of sanctions to any judge as it is usually invoked only in cases where the misconduct is severe and strikes at the heart of the judicial process. Palatable or not, the conduct of these defendants in patently contemptuous. In the typical case, a United States Magistrate Judge may certify facts for contempt proceedings before an Article III district judge and order the alleged contemnor to show cause before that judge why contempt should not be adjudged in light of the certified facts. 28 U.S.C. § 636(e). In this case, however, the undersigned has the written consent of the parties under 28, United States Code, Section 636(c) and has full authority to determine what constitutes a contempt of court.

Clearly, the corporate defendants are now in civil contempt of this court. Representations made at the hearing give the court reason to believe that certain corporate officers are also in civil contempt of court, although that determination has not yet been made. A threshold issue is whether this court has a basis for haling into the court the corporate officers of defendants. At the hearing, counsel for defendants advised, as it was his duty to do, that corporate officers were aware of the Order, the decision not to comply with the court's Order came from officers of the corporations,

and that such decision was against the advice of counsel.[1] The Supreme Court has long held:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Wilson v. United States, 221 U.S. 361, 376 (1911) (noting that the corporation can be proceeded against in its corporate capacity at the same time that "[officers] are punished in their natural capacities for failure to do what the law requires of them as the representatives of the corporation." (quotation omitted)). The court, therefore, finds a basis in both fact and law to hale the corporate officers into this court to answer for civil contempt.

Civil and criminal contempt actions are distinguished on the basis of the nature of the relief requested: (1) if the relief is remedial, coercive or compensatory, the contempt is civil; (2) if the relief is punitive (which would be a sentence of imprisonment for definite period), then the contempt is criminal. Hicks v. Feiock, 485 U.S. 624, 631-36 (1988); International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 829 (1994). Unlike the standard for criminal contempt which is 'beyond a reasonable doubt," civil contempt need only be shown by "clear and convincing evidence." The Court of Appeals for the Fourth Circuit has held, as

---

[1] Counsel for defendant has, as an officer of the court, properly revealed his role in the decision making process as is required in order for the court to carry out its duty of determining whether sanctionable conduct is attributable to the defendant or counsel. See Worldcom Network Services, Inc. v. Metro Access, Inc., 205 F.R.D. 136, 144 (S.D.N.Y. 2002).

follows:

> A court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir.1995) (internal quotation marks and citation omitted). Imposition of civil contempt sanctions requires fewer procedural protections than those necessary for the imposition of criminal contempt sanctions. *See Bagwell*, 512 U.S. 821, 830-31, 114 S.Ct. 2552. For example, unlike a finding of criminal contempt, which must rest on proof of guilt beyond a reasonable doubt, a finding of civil contempt can be established by "clear and convincing evidence." *See Ashcraft v. Conoco*, Inc., 218 F.3d 288, 301 (4th Cir.2000); 11A Wright, Miller & Kane, *Federal Practice and Procedure* § 2960, at 380 (2d ed.1995). Similarly, because they are civil, not criminal, proceedings, the right to counsel is not guaranteed in civil contempt proceedings.

<u>Cromer v. Kraft Foods North America, Inc.</u>, 390 F.3d 812, 821 (4th Cir. 2004).

In the pleadings now before the court, plaintiff has provided this court with clear and convincing evidence of the bad faith of defendants in their failure to obey the Orders of this court. Further, at the hearing, it became readily apparent that defendants embarked on such course of action despite the expert advice they received from one of the most experienced and skilled attorneys who appears before the Bar of this court. To his credit, counsel for defendants argued strongly that a daily monetary sanction of $1,000.00 would get the attention of defendants. Upon inquiry from the court, however, it appeared that defendants were engaged in a multimillion dollar business and that a daily sanction of $1,000.00 would not even be a blip on their radar. Instead, the court is compelled to conclude that the only way to get the attention of these defendants is to require certain executive officers of defendants to appear and show cause why they have disobeyed the Orders of this court, and there afford them an opportunity to show why a more severe sanction, such as a visit to a

federal detention facility, is not required in these circumstances.

A show cause hearing will, therefore, be calendared for Wednesday, May 27, 2009, at 12 noon in Asheville. The following corporate officers of defendants are notified of their compulsory attendance at such hearing:

**David Armstrong Fink**

**Robert B. Culliford**

**Eric H. Lawler**

**Timothy Mellon**

**David A. Fink**

**Richard S. Kelso**

**D. Armstrong Fink**

REQUIREMENT OF SERVICE OF THIS NOTICE

Counsel for defendants shall cause to be served this Order upon each officer hereinabove specified and certify such service to the court in advance of the hearing.

ADVICE TO POTENTIAL CONTEMNORS

While such proceeding is not a criminal contempt to which the right to counsel would attach, each potential contemnor is notified that they have a right to appear with counsel of their own choosing. Such corporate officers are advised that if they fail to appear as commanded by this Order, a bench warrant will issue for their arrest which will be turned over to the United States Marshal for execution, who will provide transportation to court and housing pending the hearing.

Inasmuch as detention for an indefinite period of time or until the contempt is purged is a possible consequence, such potential contemnors are respectfully advised to bring with them either a list of their medications or an explanation from their physician of their medical needs inasmuch as the local jail or detention facilities do not permit federal detainees to bring in medications.[2] A jail nurse will determine what medications are in fact necessary. Further, such corporate officers are advised that while they can bring their own toothbrush, all other needs, including clothing, will be provided for by the facility.

* * *

Having provided notice to the potential contemnors and advice of rights, they are further advised that if they wish to purge themselves before the hearing, the court would expect *at least* the following to be accomplished:

(1)  full and complete compliance with Judge Horn's February 18, 2009, Order. Any equivocation would be considered non-compliance;

(2)  payment of plaintiff's attorneys fees and costs in bringing the instant motions; and

(3)  the tendering to the court for its consideration a proposed injunction or consent decree, signed by counsel for all parties and each person summonsed herein, therein providing for the immediate payment of all monies now owed (as evidenced by the judgment entered by Judge Horn and any monies that have accrued since the commencement of this

---

[2]  The court hopes that it does not come to this, but if it does, the corporate officers should be prepared to be housed with other federal detainees awaiting trial and to reimburse the government for the costs of their incarceration. Potential contemnors are advised that the undersigned has, in recent years, placed in jail for contempt of court an attorney, a respected member of tribal council, and the mother of a defendant; however, an entire city council was haled into court for similar misconduct, but was able to purge the contempt before being detained.

action) and providing for the prompt payment of rents and repairs in the future. An acceptable consent injunction or consent decree would contain a clause for the future enforcement of such terms through the contempt powers of this court as well as a penalty provision.

While not relevant to whether contempt did or did not occur, the court is also concerned with the serial nature of this litigation as the resources of this court are finite. See Docket Entry #27, 3:06cv151(W.D.N.C). While it has yet to be determined whether defendants' systematic refusal to honor its financial obligations to plaintiff violates the *Unfair and Deceptive Trade Practices Act*, defendants need to be aware that the skills it has developed in conducting its business in the manner alleged are inappropriate and ineffective in federal court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiff's Motion for Sanctions (#34) is **ALLOWED,** the named defendants are found to be in contempt of the court's the Motion for Extension of Time to Complete Discovery (#36) is **DENIED** without prejudice as to reconsideration at the conclusion of the contempt hearing. The following corporate officers are **INSTRUCTED** to appear and **SHOW CAUSE** as to why they should not be held in **CIVIL CONTEMPT** of this court:

**David Armstrong Fink**

**Robert B. Culliford**

**Eric H. Lawler**

**Timothy Mellon**

**David A. Fink**

**Richard S. Kelso**

**D. Armstrong Fink**

at a hearing scheduled for May 27, 2009, at 12 noon in Asheville, North Carolina, in Courtroom #2 of the United States Courthouse Building.

```
                              Signed: May 20, 2009
```

Dennis L. Howell
United States Magistrate Judge