UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action Number: 3:08-cv-230-DLH

FILED
ASHEVILLE, NC

AUG 11 2009

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| FIRST UNION RAIL CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPRINGFIELD TERMINAL RAILWAY )<br>COMPANY, PORTLAND TERMINAL )<br>COMPANY, MAINE CENTRAL, )<br>RAILROAD COMPANY, BOSTON AND )<br>MAINE CORPORATION, and PAN AM )<br>RAILWAYS, INC., )<br>)<br>Defendants. )<br>_____ ) | CONSENT ORDER<br>AND JUDGMENT |

**THIS MATTER** is before the Court upon the consent of Plaintiff First Union Rail Corporation and Defendants, Springfield Terminal Railway Company, Portland Terminal Company, Maine Central Railroad Company, Boston and Maine Corporation, and Pan Am Railways, Inc.[1] ("Defendants"), together with Defendants' undersigned officers and directors, each of whom, having previously consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), agree and consent to the entry hereof.

Plaintiff is the owner of, and car hire receivables agent for, certain railcars and railroad equipment. Defendants are railroad companies which make commercial use of railroad equipment, including that of Plaintiff. Plaintiff filed the present action to recover,

---

[1] Pan Am Railways, Inc., is the parent company of each of the other Defendants; it is a noncarrier railroad holding company, and as such does not itself incur or report car hire pursuant to the AAR car hire rules.

1

among other things, "car hire for use of railcars," that is, in layman's terms, rental payments from the Defendants, for their use of Plaintiff's railcars.

Plaintiff has been required to bring three actions in this Court to obtain payment of undisputed car hire and other debts owed by Defendants. See W.D.N.C case nos. 3:04-CV-555 and 3:06-CV-00151. This case actually marks the fourth such collection lawsuit overall. See D. Mass. case no. 03-12374-DPW. This Court has previously noted its concern with the serial nature of this litigation as the resources of this Court are finite.

Count VIII of Plaintiff's Complaint in the present action seeks injunctive relief that would address the serial nature of this litigation and would conserve private and judicial resources. See document no. 1 at 10-11. No remedy at law would be as effective as the relief granted herein to curtail the need for future collection lawsuits by Plaintiff against Defendants. Plaintiff has demonstrated good cause for, and Defendants have consented to, the entry of this order and judgment.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. Defendants shall promptly pay when due all amounts (including, but not limited to, compensation for use of equipment, car hire, time claims, rate claims and counter reclaims, penalties, rents, repair invoices and casualty values) owed by any one or more of Defendants to Plaintiffs arising from or in connection with Defendants' use of any railcar or other railroad equipment for which Plaintiff, or its successor in interest, is the owner or the receivables agent; provided, however, that, solely with respect to compensation for Defendants' use of equipment having other than railroad ownership ("private car hire"), Defendants' compliance with paragraph 3 regarding private car hire

shall be deemed compliance with their foregoing obligation to promptly pay private car hire.

2. For the purpose of facilitating Defendants' compliance with paragraph 1 above, and without limiting or reducing Defendants' obligations under paragraph 1 above, Defendants shall continue to participate in and fund their obligations under the Railroad Clearinghouse ("RCH") system which is currently administered by Railinc, or any successor or replacement system or program to the RCH system. For purposes of clarity, Defendants' failure to participate in and fund their obligations under the RCH or any similar system shall in no way relieve Defendants to promptly pay Plaintiff compensation for Defendants' use of equipment having railroad ownership.

3. Within ten (10) days of entry of this consent order and judgment, Defendants shall establish and thereafter maintain an automatic monthly payment to Plaintiff, or its successor in interest, for the payment of amounts owed to Plaintiff for private car hire ("Automatic Payment"). Defendants shall deliver the Automatic Payment to Plaintiff on or before the 10th calendar day of each month. The initial amount of the Automatic Payment shall be $750.00. Each December and June, the parties shall confer in good faith to establish (by stipulation to be filed by Defendants) a new Automatic Payment amount for the following six month period; provided, however, that such agreed-upon amount shall equal or exceed the sum of (i) the mean average of Defendants' monthly private car hire owed to Plaintiff during the preceding six month period as stated on Plaintiff's invoices **plus** (ii) $100.00. If the parties' good faith negotiations fail to establish a new amount, or if a significant change in Defendants' monthly private car hire debt occurs, any party may move the Court to set a new

Automatic Payment amount. Beginning January 2010 and each subsequent July and January, the parties shall confer in good faith to adjust and "true-up" any overpayment or underpayment of Defendants' actual private car hire debt resulting from the Automatic Payment during the preceding six month period. Any "true-up" payment or credit shall be delivered or credited to the party entitled thereto on or before each February 15 and August 15. If the parties' good faith negotiations fail to adjust any overpayment or underpayment, any party may move the Court to determine the appropriate adjustment. The Court's determination of any Automatic Payment amount or any "true-up" adjustment amount under this paragraph 3 shall be final and binding and the parties hereby waive any right of appeal therefrom.

4. If the Defendants fail to bring themselves into compliance with paragraph 1 above within five (5) calendar days after first receiving a notice of same (as described below), then Defendants shall owe and pay to Plaintiff, in addition to all underlying amounts owed but not promptly paid to Plaintiff, the sum of a) for each calendar day after such principal amount first became due until Plaintiff receives payment thereof, a late fee in the amount of i) $100.00 per day if the principal amount is less than $10,000.00 or ii) $200.00 per day if the principal amount is $10,000.00 or more; **plus** b) all of Plaintiffs' attorneys' fees and costs incurred in connection with enforcing compliance with this order; **and plus** c) interest at fifteen (15%) per annum on all underlying amounts owed but not promptly paid to Plaintiff. Any violation notice under this paragraph 3 shall be sufficient if it is in writing, states the underlying amount Defendants failed to pay in violation of paragraph (1) above and the date such underlying amount first became due, and is sent by facsimile, certified mail, UPS or Federal Express addressed as follows:

Springfield Terminal Railway Company
Attn: David A. Fink, President
1700 Iron Horse Park
North Billerica, MA 01862

Facsimile: (978) 663-1213
Telephone: (978) 663-1215

5. This Court shall retain jurisdiction over this matter, the parties and Defendants' undersigned officers and directors to enforce all of the terms of this consent order and judgment through the entry of monetary judgments for any and all amounts owed to Plaintiff by Defendants, the Court's contempt powers and otherwise. Nothing contained in this consent order and judgment shall prevent Plaintiff from employing other available methods of collecting debts owed by Defendants. This consent order and judgment is <u>without prejudice</u> to Plaintiff's right to pursue a recovery under Count VII of its Complaint in this action.

This This 11th day of August, 2009
Signed:

_____
Dennis L. Howell
United States Magistrate Judge

**EACH OF THE UNDERSIGNED CONSENTS AND AGREES TO ENTRY OF THE FOREGOING ORDER AND JUDGMENT:**

*[signature]*
John W. Gresham, NCSB No. 6647
*Attorney for All Defendants*
Ferguson, Stein, Chambers, Gresham
& Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC 28204
Telephone: (704) 375-8461
Facsimile: (704) 334-5654
JGresham@FergusonStein.Com

*[signature]*
Robert C. Bowers, NCSB No. 23009
*Attorney for Plaintiff*
Moore & Van Allen, PLLC
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 339-5860
bobbybowers@mvalaw.com

_____
David Armstrong Fink, President
Springfield Terminal Railway Company
Portland Terminal Company
Maine Central Railroad Company
Boston and Maine Corporation

*[signature]*
Robert B. Culliford, Secretary
Springfield Terminal Railway Company
Portland Terminal Company
Maine Central Railroad Company
Boston and Maine Corporation
Pan Am Railways, Inc.

*[signature]*
Eric H. Lawler, Treasurer
Springfield Terminal Railway Company
Portland Terminal Company
Maine Central Railroad Company
Boston and Maine Corporation
Pan Am Railways, Inc.

*[signature]*
David Andrew Fink, President
Pan Am Railways, Inc.

**EACH OF THE UNDERSIGNED CONSENTS AND AGREES TO ENTRY OF THE FOREGOING ORDER AND JUDGMENT:**

*(signature)*

John W. Gresham, NCSB No. 6647
*Attorney for All Defendants*
Ferguson, Stein, Chambers, Gresham
& Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC 28204
Telephone: (704) 375-8461
Facsimile: (704) 334-5654
JGresham@FergusonStein.Com

Robert C. Bowers, NCSB No. 23009
*Attorney for Plaintiff*
Moore & Van Allen, PLLC
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 339-5860
bobbybowers@mvalaw.com

*(signature)*

David Armstrong Fink, President
Springfield Terminal Railway Company
Portland Terminal Company
Maine Central Railroad Company
Boston and Maine Corporation

*(signature)*

Robert B. Culliford, Secretary
Springfield Terminal Railway Company
Portland Terminal Company
Maine Central Railroad Company
Boston and Maine Corporation
Pan Am Railways, Inc.

*(signature)*

Eric H. Lawler, Treasurer
Springfield Terminal Railway Company
Portland Terminal Company
Maine Central Railroad Company
Boston and Maine Corporation
Pan Am Railways, Inc.

*(signature)*

David Andrew Fink, President
Pan Am Railways, Inc.